**Rubin & Pomerleau PC**
**2 Center Plaza, Suite 520**
**Boston, MA 02108**
**rubinpom@rubinpom.com**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

| | |
|---|---|
| **Sugelin PEREZ ARBAIZA,**<br><br>                                **Plaintiff**<br><br>v.<br><br>**CARRIE M. SELBY, Acting Associate Director, U.S. Citizenship & Immigration Services Service Center Operations Directorate,**<br><br>**JOSEPH B. EDLOW, Director of U.S. Citizenship & Immigration Services, and**<br><br>**Kristi L. NOEM, Secretary of the U.S. Department of Homeland Security,**<br><br>                                **Defendants** | Civ. No. _____<br><br><br>**CIVIL COMPLAINT** |

## **INTRODUCTION**

1. Plaintiff, Sugelin Olimpia Perez Arbaiza ("Plaintiff") is a native of El Salvador, born September 3, 1996.

2. Plaintiff was abandoned by her father, Juan Y. Perada Mendoza (also a citizen of El Salvador) before her birth. He failed to provide any parental or financial support throughout her life. He continues to reside in El Salvador.

3. Plaintiff joined her mother in the United States on or about February 16, 2016 (at the age of 19-years-old) and has resided in Massachusetts since that date.

4. Plaintiff sought special immigrant juvenile classification under 8 U.S.C. § 1011(a)(27)(J) by submitting Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant and appropriate supporting documents to U.S. Citizenship and Immigration Services ('USCIS') ('Petition').

5. By Decision of February 7, 2020 ('Decision'), USCIS denied Plaintiff's Petition. **Exhibit A.**

6. Plaintiff subsequently appealed the Decision denying under 8 U. S. C. § 1101(a)(27)(J) to USCIS. Her appeal was dismissed, January 22, 2021 ('Appeal Dismissal'). **Exhibit B.**

7. Plaintiff alleges violations of the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act ('APA'), 5 U.S.C. § 706(1) and (2)(A), (B), and (C) as a result of this unlawful denial of Plaintiff's petition.

## PARTIES

8. Plaintiff, Sugelin Perez Arbaiza was unlawfully denied Special Immigrant Juvenile classification pursuant to 8 U.S.C. § 1101(a)(27)(J). Plaintiff is a resident of Chelsea, Massachusetts.

9. Defendant Carrie M. Selby is Acting Associate Director of USCIS Service Center Operations Directorate. In her official capacity, she oversees the adjudication of Petitions for Special Immigrant Juvenile classification under 8 U. S. C. § 1101(a)(27)(J).

10. Defendant Joseph B. Edlow is sued in his official capacity as Director of USCIS. In this capacity, he is responsible for overseeing implementation of the Immigration and Nationality Act and appropriate regulations, as well as general policy development within the agency and oversight of its application in the adjudication of applications for benefits.

11. Defendant Kristi Noem is sued in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Defendant Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees USCIS and that agency's provision of benefits.

## JURISDICTION AND VENUE

12. This Court may decide claims under the APA pursuant to its federal question jurisdiction under 28 U.S.C. § 1331.

13. While the APA does not independently provide a basis for subject matter jurisdiction, *Califano v. Sanders*, 430 U.S. 99, 107 (1977), the federal question statute, codified at 28 U.S.C. §1331, gives federal courts jurisdiction over a suit that arises under a right of action created by the APA. See <u>Bowen</u> v. <u>Massachusetts</u>, 487 U.S. 879, 891 n.16 (1988) ("[I]t is common ground that if review is proper under the APA, the District Court ha[s] jurisdiction under 28 U.S.C. §1331.").

14. Under the APA, this Court can compel agency action unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), and hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. 5 U.S.C. § 706(2)(A)-(C).

15. Venue is proper because Plaintiff resides in Chelsea, Massachusetts, which is within the jurisdiction of this District.

16. Venue is proper in this District because Defendants are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to his claims occurred in this District, and Plaintiff resides in this District. There is no real property involved in this action. 28 U.S.C. § 1391(e).

## STATEMENT OF FACTS

17. Plaintiff, Sugelin Olimpia Perez Arbaiza ("Plaintiff") is a native of El Salvador, born September 3, 1996.

18. Plaintiff was abandoned by her father, Juan Y. Perada Mendoza (also a citizen of El Salvador) before her birth. He failed to provide any parental or financial support throughout her life. He continues to reside in El Salvador.

19. Plaintiff joined her mother in the United States on or about February 16, 2016 (at the age of 19-years-old).

20. August 17, 2017, the Probate and Family Court Department of Middlesex County, Massachusetts issued a 'Judgement and Decree of Special Findings of Fact and Rulings of Law' ('Probate and Family Court Judgment and Decree'), **Exhibit C**, "[a]fter hearing and based on supporting evidence" that Plaintiff was a juvenile, subject to the equity jurisdiction of the court, and would "remain[] under th[e] Court's jurisdiction." **Id.**

21. The Court also determined that, due to her father's abandonment and neglect, reunification with him was not viable and that her return to El Salvador was not in her best interest. **Id.**

22. Plaintiff sought special immigrant juvenile classification under 8 U.S.C. § 1011(a)(27)(J) shortly after the issuance of the Probate and Family Court Decree by submitting Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant and appropriate supporting documents to U.S. Citizenship and Immigration Services ('USCIS') ('Petition').

23. By Decision of February 7, 2020, USCIS denied Plaintiff's Petition. **Exhibit A.**

24. Plaintiff subsequently appealed the Decision denying classification to USCIS. Her appeal was dismissed, January 22, 2021. **Exhibit B.**

25. Special Immigrant Juvenile classification is "a form of immigration relief that provides a path to lawful permanent residence for young immigrants who have been determined by state juvenile court to be victims of abuse, neglect, or abandonment. The protections afforded to children with SIJ status include an array of statutory and regulatory rights and safeguards, such as eligibility for application of adjustment of status to that of lawful permanent residents, exemption from various grounds of inadmissibility, and robust procedure protections to ensure their status is not revoked without good cause." *Morales v. Noem,* 791 F.Supp.3d 100, 104-105 (D. Mass. June 24, 2025) (internal citations omitted).

26. To qualify for SIJ status, the immigrant must be a person:

    (i)    who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of the State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with one or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;

|   |   |   |
|---|---|---|
| 113 | (ii) | for whom it has been determined in administrative or judicial |
| 114 |     | proceedings that it would not be in the alien's best interest to be returned |
| 115 |     | to the alien's or parent's previous country of nationality or country of |
| 116 |     | last habitual residence; and |
| 117 | (iii) | in whose case the Secretary of Homeland Security consents to the grant |
| 118 |     | of special immigrant juvenile status… |
| 119 |     | 8 U.S.C § 1101(a)(27)(J). |

27. As noted in *Morales*, *supra.,* at 105, "[t]he purpose of the consent requirement is to ensure "that neither the dependency order nor the administrative or judicial determination of the alien's best interest was sought primarily for the purpose of obtaining immigration relief." Per regulation, 8 CFR § 204.11, for USCIS to consent, the request for SIJ classification must be bona fide, which requires the petitioner to establish that "a primary reason for the required juvenile court determinations was to obtain relief from parental abuse, neglect, abandonment or a similar basis under the State law. USCS may withhold consent [only] *if evidence materially conflicts* with the eligibility requirements… such that the record reflects that the request for SIJ classification was not bona fide.

28. In the instant case, USCIS denied Petitioner's I-360 Petition on the basis that Petitioner had failed to establish that neither the dependency order nor the administrative or judicial determination of the alien's best interest was sought primarily to protect from parental abuse, neglect, abandonment, or a similar basis under state law, and not primarily for the purpose of obtaining an order to enable a petition for an immigration benefit. **Exh. A at 2 *et seq.*** This basis was confirmed upon appeal. **Exh. B at 2.**

29. The rationale provided by USCIS for denial was that "[T]he court orders… submitted show that the court declared [Petitioner] a dependent on the court, but [did] not established that the court provided some form of relief to protect… from parental abuse, abandonment, neglect, or a similar basis under state law. This relief could be in the form of a custodial placement, supervision, or services in connection with the finding of dependency." (Emphasis added) **Exh. A at 3**. Because the court order did not "provide[] some form of relief in connection with its finding of dependency", USCIS concluded that Petitioner had not met her burden of establishing her primary purpose in seeking the juvenile court order was to obtain relief from parental mistreatment or to petition for immigration benefits. **Id.; Exh. B at 2-3**.

30. Plaintiff respectfully contends that a requirement to provide some form of placement, supervision, services or other relief in connection with the finding of the dependence violates both statutory and regulatory requirements by requiring that Petitioner establish BOTH that she was a minor dependent on the Family and Probate Court AND that she establish the Probate and Family Court provided some form of placement, supervision, or other remedial relief. Petitioner is required to establish only one or the other – not BOTH. *Morales*, 791 F. Supp. 3d at 106-7.

31. The court order in Plaintiff's case placed her under the jurisdiction of the court, recognizing her dependency. Thus, Plaintiff respectfully contends that the Probate and Family Court order met the requirements of 8 U.S.C. § 1101(a)(27)(J)(i). Plaintiff was not required to also show that she met the dependency requirement via the alternative grounds that the Court had provided some form of placement, supervision, or other remedial relief. *Morales*, 791 F. Supp. 3d at 107; *see Cosme v. Garland,* 619 F. Supp. 3d 264 (D. RI. August 5, 2022).

## CLAIMS FOR RELIEF

## COUNT ONE

**Denial of Plaintiff's Petition for Special Immigrant Juvenile Classification Violates the Fifth Amendment Due Process Clause**

32. The allegations in the above paragraphs are realleged and incorporated herein.

33. The denial of Plaintiff's petition for Special Immigrant Juvenile Classification violates her rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

34. All persons in the United States—regardless of their citizenship status, means or legality of entry, or length of stay—are entitled to the protections of the Due Process Clause." *See, e.g., Padilla v. Immigr. & Customs Enf't,* 953 F.3d 1134, 1142 (9th Cir. 2020) *citing Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

35. The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution. *See, e.g., Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013). To have a property interest in a benefit, a person must have more than an abstract need or desire for it, or a unilateral expectation of it; she must instead have a legitimate claim of

entitlement to it. *Id*. A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms. *Id*.

36. Where a petitioner for Special Immigrant Juvenile Classificaation proves eligibility for the requirement, she is entitled, as a matter of right to the approval of her petition, as the language of the statute and regulations is couched in mandatory terms and is nondiscretionary. *Cf. id.*

37. Plaintiff's due process rights are frustrated where the decisionmaker abuses discretion or ignores the appropriate legal standards and denies legally available benefits without appropriate justification.

## COUNT TWO
### USCIS have unlawfully withheld Special Immigrant Juvenile Classification in Violation of the Administrative Procedures Act § 706(1) and (2).

38. Under the APA, this Court can compel agency action unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1) and hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. 5 U.S.C. § 706(2)(A)-(C).

39. Plaintiff alleges that USCIS' actions in withholding approval of her petition was arbitrary and capricious, not in accordance with law, contrary to constitutional right and in excess of statutory authority or short of statutory right. *Id.*

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the following of this Court:

(1)  Assume jurisdiction over this matter.
(2)  Declare that the agency action in denying Plaintiff's petition for Special Immigrant Juvenile classification was contrary to constitutional right.
(3)  Declare that the agency action in denying Plaintiff's petition for Special Immigrant Juvenile classification was arbitrary, capricious, or otherwise not in accordance with law.

(4) Declare that the agency action in denying Plaintiff's petition for Special Immigrant Juvenile classification was in excess of statutory jurisdiction, authority, limitations, or short of statutory right.

(5) Compel approval of Plaintiff's petition for Special Immigrant Juvenile classification as the agency has unlawfully withheld said classification.

(6) Award Plaintiffs attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(7) Grant any further relief this Court deems just and proper.

On behalf of Petitioner,

_____
Christopher J. Lavery, Esq.
BBO#658721

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Plaintiff and submit this verification on her behalf. I hereby verify that the factual statements made in the foregoing Complaint are true and correct to the best of my knowledge.

_____
Christopher J. Lavery, Esq.
BBO#658721

**CERTIFICATE OF SERVICE**

I, Christopher J. Lavery, Esq., hereby certify that this document(s) flied through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants by mail this 7th day of February, 2026.

 

_____
Christopher J. Lavery, Esq.
BBO#658721